United States District Court

For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH S. HITCHINGS,

    Petitioner,

    v.

ROSANNE CAMPBELL, Warden,
Mule Creek State Prison,

    Respondent.
_____/

No. C 05-2981 PJH

**ORDER TO SHOW CAUSE AND DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL** *NUNC PRO TUNC*

    Petitioner Keith S. Hitchings ("Hitchings"), a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**

    In 1983, Hitchings was convicted by a jury in the Humboldt County Superior Court of first and second degree murder. The jury imposed the death penalty. Subsequently, in 1993, the California Supreme Court granted Hitchings' petition for writ of habeas corpus, vacated the judgment of conviction, and remanded to the Humboldt County Superior Court for retrial. Following retrial, on May 3, 1996, Hitchings was convicted of two counts of second degree murder. He was subsequently sentenced to two consecutive terms of fifteen years to life. Hitchings appealed. The California Court of Appeal affirmed the judgment on December 2, 1997, and the California Supreme Court denied review on March 20, 1998.

    On March 15, 1999, Hitchings filed a petition for habeas corpus relief with the California Court of Appeal. On March 19, 1999, the appellate court denied the petition without prejudice to Hitchings refiling the petition with the Humboldt County Superior Court. Hitchings then refiled that petition with the Humboldt County Superior Court on March 22, 1999. The superior court denied the petition on March 26, 2003. Hitchings again filed a petition for

habeas relief with the California Court of Appeal on May 30, 2003, which the court summarily denied on April 16, 2004.  Subsequently, on April 26, 2004, Hitchings again sought habeas relief with the California Supreme Court.  That court denied his petition on June 29, 2005.  Hitchings filed the instant federal habeas petition on July 21, 2005.

## DISCUSSION

### A. Legal Standard

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

### B. Petitioner's Legal Claims

Petitioner seeks federal habeas corpus relief, raising one claim:  that his Sixth and Fourteenth Amendment rights were violated when his state appellate counsel failed to raise an issue regarding the trial court's alleged failure to define the elements of involuntary manslaughter, resulting in prejudice to Hitchings.  Liberally construed, the claim appears colorable under 28 U.S.C. § 2254 and merits an answer from respondents.

### C. Petitioner's Request for Appointment of Counsel

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require."  Generally, the decision to appoint counsel is within the discretion of the district court.  *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  The purpose of section 3006A is to provide for appointed counsel whenever the failure to do so would amount to a denial of due process.  *Id.*  Accordingly, in determining whether to appoint counsel, the district court should weigh the

ability of a *pro se* petitioner to present forcefully and coherently his or her contentions based on a good understanding of the issues.  *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

The court finds that the claim raised in the present petition is not complex.  Additionally, the court is unable to determine, at this time, whether petitioner can adequately represent himself, as an attorney drafted his petition.  Because of the foregoing and the fact that the court finds the present petition to satisfactorily advance petitioner's claim for relief, the court DENIES the request for appointment of counsel *nunc pro tunc.*

## CONCLUSION

For the foregoing reasons and for good cause shown

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents.  The clerk shall also serve a copy of this order on petitioner.

2. Respondents shall file with the court and serve on petitioner, within 60 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

3. If the petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

Dated:  August 15, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge