United States District Court
For the Northern District of California

**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH S. HITCHINGS,

    Petitioner,

    v.

ROSANNE CAMPBELL, Warden,
Mule Creek State Prison,

    Respondent.
_____/

No. C 05-2981 PJH

**ORDER DENYING MOTION FOR NEW TRIAL AND/OR TO AMEND JUDGMENT**

On May 23, 2006, this court denied petitioner Keith Hitchings' ("Hitchings") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Hitchings now moves for a new trial and to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59 and 52(b). Having considered Hitchings' motion and the relevant authorities, the court DENIES the motion.

The Ninth Circuit held, in a § 2254 habeas case, that "[a] motion for reconsideration under Rule 59(e) should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999).[1]

Here, Hitchings has shown none of the above. Hitchings does argue that this court's

---

[1] Similarly, under Rule 52(b), a party may move the court to "amend its findings – or make additional findings – and . . . amend the judgment accordingly."

suggestion that the state appellate court considered on the merits a supplemental letter brief from Hitchings' state appellate counsel, attached as an exhibit to Hitchings' federal petition, is erroneous. However, it is not clear to the court based on the record before it that the state appellate court did not indeed consider the letter brief on the merits. Neverthless, even if it did not, as Hitchings suggests, he is not entitled to relief based on the deficient performance prong of the test for ineffective assistance of counsel because this court also found that pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984), Hitchings was unable to demonstrate prejudice. *See* May 23, 2006 Order at 20-24.

## CONCLUSION

Because Hitchings offers no new evidence, nor does he demonstrate any error in law or fact upon which the judgment was based entitling him to relief, his Rule 52 and/or 59 motion is DENIED. This order fully adjudicates the motion listed at No. 14 of the clerk's docket for this case and terminates all other pending motions. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:   July 11, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

2