**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KEITH S. HITCHINGS,

    Petitioner,

    v.

ROSANNE CAMPBELL, Warden,
Mule Creek State Prison,

    Respondent.
_____/

No. C 05-2981 PJH

**ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S REQUEST FOR A CERTIFICATE OF APPEALABILITY; GRANTING IFP REQUEST; AND DENYING PETITIONER'S SECOND REQUEST FOR APPOINTMENT OF COUNSEL *NUNC PRO TUNC***

On May 23, 2006, this court denied petitioner Keith Hitchings' ("Hitchings") petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court subsequently denied Hitchings' motion for a new trial and to alter or amend the judgment pursuant to Federal Rules of Civil Procedure 59 and 52(b) on July 11, 2006. Hitchings now moves for a certificate of appealability ("COA"), leave to proceed on appeal in forma pauperis ("IFP"), and for the second time, for appointment of counsel *nunc pro tunc.*

**I.  Certificate of Appealability**

To obtain a COA, Hitchings must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Section 2253(c)(3) requires a court granting a COA to indicate which issues satisfy the COA standard.

As this court noted in its May 23, 2006 order, Hitchings asserts a claim for ineffective assistance of appellate counsel pursuant to the Sixth and Fourteenth Amendments. He contended that his appellate counsel should have appealed the trial court's failure to instruct the jury on the definition and elements of involuntary manslaughter pursuant to CALJIC 8.45. That is the only claim that meets the above standard, and that is the claim for which this court GRANTS the COA. *See generally Miller-El v. Cockrell*, 537 U.S. 322 (2003). To the extent that Hitching seeks to expand upon that claim in his current request for a COA, that request is DENIED. The Ninth Circuit will inevitably consider this court's review of the state court's decision in the state habeas proceedings in the context of the appeal. Thus, it is unnecessary for the court to subdivide the claim any further as Hitchings has attempted to do in his request for a COA.

In sum, the court GRANTS the COA on the issue raised by Hitchings in his federal habeas petition: whether he received ineffective assistance of appellate counsel when his appellate counsel failed to appeal the trial court's failure to instruct the jury on the definition and elements of involuntary manslaughter pursuant to CALJIC 8.45.

**II.  Request for IFP Status**

In view of Hitching's income and prisoner account balance over the last six months, leave to proceed IFP is GRANTED.

**III.  Request for Appointment of Counsel *Nunc Pro Tunc***

The court has already denied Hitching's request for appointment of counsel in this case. Having completed review of the record, briefs, and the pertinent legal authorities, the court's decision remains unchanged.

As noted in the court's prior August 2005 order, the Sixth Amendment's right to counsel does not apply in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require." Generally, the decision to appoint counsel is within the

discretion of the district court. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The purpose of section 3006A is to provide for appointed counsel whenever the failure to do so would amount to a denial of due process. *Id.* Accordingly, in determining whether to appoint counsel, the district court should weigh the ability of a *pro se* petitioner to present forcefully and coherently his or her contentions based on a good understanding of the issues. *See LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987).

The court finds that the claim raised in the present petition is not complex, and DENIES the request for appointment of counsel *nunc pro tunc.*

**IT IS SO ORDERED.**

Dated: August 1, 2006

_____
PHYLLIS J. HAMILTON
United States District Judge

3